Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| GLORIMAR ROSARIO DELGADO<br><br>Parte Apelante<br><br>v.<br><br>CLEMENTE VEGA DUEÑAS<br><br>Parte Apelada | TA2025AP00563 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.<br>B AC2014-0086<br><br>Sobre:<br>División de Comunidad |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

El **18 de noviembre de 2025**, la señora Glorimar Rosario Delgado (en adelante Sra. Rosario Delgado) presentó un escrito de Apelación, donde solicita la revisión de la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito (en adelante TPI), el 10 de septiembre de 2025 y notificada 15 de septiembre de 2025.[1]

A los dos días de presentado el recurso de apelación por la Sra. Rosario Delgado, es decir, el 20 de noviembre de 2025, compareció el señor Clemente Vega Dueña (Sr. Vega Dueña) mediante *Moción de Desestimación,* alegando en apretada síntesis, que la Sra. Rosario Delgado radicó tardíamente su recurso de apelación y por tanto el foro apelativo carecía de jurisdicción. Ante lo solicitado, la Sra. Rosario Delgado se opuso mediante moción, la cual fue replicada por el Sr. Vega Dueñas.

---

[1] El presente caso se relaciona con el caso *Glorimar Rosario Delgado v. Clemente Vega Dueña*, TA2025AP00536, presentado el 11 de noviembre de 2025.

Evaluado el recurso, desestimamos la apelación presentada por la Sra. Glorimar Rosario Delgado por falta de jurisdicción. Veamos.

## I.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[2] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional, pues una sentencia dictada sin jurisdicción es nula.[3] Cónsono con ello, el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[4]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[5] Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a así declararlo y desestimar el recurso, sin entrar en los méritos de la controversia.[6] Cónsono con ello, la Regla 83 del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.[7]

Por su parte, la Regla 52.2 (a) de Procedimiento Civil[8], al igual que la Regla 13 (A) del Reglamento de este Tribunal de Apelaciones[9], concede a las partes un término jurisdiccional de treinta (30) días para instar un recurso de apelación ante nos. Dicho término se

---

[2] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).

[3] *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).

[4] *Ruiz Camilo v. Trafon Group, Inc.,* supra.

[5] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).

[6] *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

[7] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

[8] 32 LPRA Ap. V, R. 52.2 (a).

[9] Regla 13 (A) del Reglamento del Tribunal de Apelaciones, *supra.*

cuenta a partir del archivo en autos de copia de la notificación de la sentencia dictada por el Tribunal de Primera Instancia.

Sin embargo, existen remedios posteriores a la sentencia que podrían tener el efecto de interrumpir dicho término, si la moción a tales efetos se presenta de forma oportuna y de acuerdo con la Regla de Procedimiento Civil aplicable. Según el inciso (e) de la Regla 52.2 de Procedimiento Civil[10], entre los remedios que pueden tener el efecto de interrumpir el término para apelar se encuentra la oportuna presentación de una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil. El referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de la orden que resuelva la moción de reconsideración.[11]

En específico, la Regla 47 de Procedimiento Civil[12], concede a la parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia, la oportunidad de presentar una moción de reconsideración dentro del término de quince (15) días desde la fecha de la notificación de la orden, resolución o sentencia. La solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que se estima deben reconsiderarse.

Si se trata de una sentencia, el referido término de quince (15) días es de carácter jurisdiccional.[13] Es norma conocida que un término jurisdiccional es "fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse".[14] En cambio, el plazo para solicitar

---

[10] 32 LPRA Ap. V, R. 52.2 (e).
[11] *Íd.*
[12] 32 LPRA Ap. V, R. 47.
[13] *Simons y otros v. Leaf Petroleum Corp. y otros,* 209 DPR 216, 224 (2022).
[14] *Insular Highway v. A.I.I. Co,* 174 DPR 793, 805 (2008).

reconsideración de una orden o resolución es de cumplimiento estricto, lo que significa que puede ser prorrogado por justa causa.[15]

En cuanto a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración".[16]

A su vez, para que una moción de reconsideración interrumpa el término para que las partes recurran al foro apelativo intermedio, ésta debe presentarse de manera oportuna.[17] En esa línea, el Tribunal Supremo resolvió en *Dumont v. Inmobiliaria Estado, Inc.*[18], que los tribunales pueden enmendar sustancialmente sus sentencias siempre que éstas no hayan advenido finales y firmes, y el tribunal actúe por motivo de una moción de reconsideración oportunamente presentada y acogida para su consideración según la Regla 47 de Procedimiento Civil, *supra*.

Sin embargo, el Tribunal Supremo ha reconocido, como excepción, que un tribunal puede considerar una moción de reconsideración tardía cuando lo que ésta plantea sea de tal envergadura que sería un fracaso de la justicia ignorarlo. Ahora bien, para que los tribunales puedan acoger la moción de reconsideración fuera del término jurisdiccional se tiene que cumplir con la normativa aplicable a las mociones de relevo, según la Regla 49.2 de Procedimiento Civil[19].

---

[15] *Simons y otros v. Leaf Petroleum Corp. y otros,* supra; *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).
[16] Regla 47 de Procedimiento Civil, *supra*.
[17] *Morales y otros v. The Sheraton Corp.,* supra, pág. 8.
[18] 113 DPR 406, 413 (1982), seguido en *Insular Highway v. A.I.I. Co,* supra, pág. 806.
[19] 32 LPRA Ap. V, R. 49.2. La Regla 49.2 de Procedimiento Civil dispone que:

Lo anterior no afecta la facultad de los tribunales para reconsiderar sus determinaciones *motu proprio* siempre que tengan jurisdicción para hacerlo. Esto es, siempre que sus decisiones no hayan advenido finales y firmes.[20]

**II.**

Los hechos procesales relevantes y pertinentes para nuestra actual controversia son los siguientes.

El 10 de septiembre de 2025 y notificada el **15 de septiembre de 2025,** el TPI dictó la Sentencia del caso *Glorimar Rosario Delgado v. Clemente Vega Dueñas,* BAC2014-0086. Conforme a la Regla 47 de Procedimiento Civil, supra, la parte adversamente afectada por la sentencia tenía un término jurisdiccional de quince (15) días para solicitar reconsideración. En el caso ante nos, el término para solicitar la reconsideración a la Sentencia vencía el **30 de septiembre de 2025**. El Sr. Vega Dueñas oportunamente - 24 de septiembre de 2025 - presentó una solicitud de enmienda a determinaciones de hechos en conjunto con una solicitud de reconsideración.

El 29 de septiembre de 2025 y notificada el **14 de octubre de 2025**, el TPI concedió la solicitud de enmiendas a las determinaciones de hechos del Sr. Vega Dueñas y dictó una Sentencia *Nun Pro Tunc*. Sin embargo, declaró no ha lugar a lo

---

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
(a) Error, inadvertencia, sorpresa o negligencia excusable;
(b) descubrimiento de evidencia sustancial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
(d) nulidad de la sentencia;
(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en la que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
[20] *Insular Highway v. A.I.I. Co,* supra, págs. 806-807.

solicitado en su reconsideración. Tomando de referencia la fecha de esa denegatoria, y al amparo de la Regla 52.2, incisos (a) y (e) (2) de Procedimiento Civil, *supra*, la parte adversamente afectada podía solicitar la revisión de la sentencia ante el Tribunal de Apelaciones, en un término jurisdiccional de treinta (30) días a partir del archivo en autos de la notificación de la Resolución que resolvió la solicitud de reconsideración. En los hechos antes indicados, ese término vencía el **13 de noviembre de 2025**.

Resulta importante reseñar que, el **13 de octubre de 2025** –esto fue, un (1) día antes de la notificación de la Sentencia *Nun Pro Tunc*- la Sra. Rosario Delgado había presentado una *Oposición a Solicitud de Enmiendas a Determinaciones de Hechos y Moción de Reconsideración y Reconsideración.* En síntesis, la Sra. Rosario Delgado rechazaba las enmiendas a las determinaciones de hechos propuestas por el Sr. Vega Dueñas y solicitó en reconsideración, solapadamente, un aumento a la partida de $25,000.00 que le había sido concedida en la Sentencia del 10 de septiembre de 2025. Esta fue la primera ocasión en que la Sra. Rosario Delgado solicitó la reconsideración a la Sentencia dictada del 10 de septiembre de 2025[21].

El 20 de octubre de 2025 y notificada el **27 de octubre de 2025**, el TPI resolvió la moción en *Oposición a Solicitud de Enmiendas a Determinaciones de Hechos y Moción de Reconsideración y Reconsideración* que presentó la Sra. Rosario Delgado. El foro primario resolvió, en resumen, nada que proveer por estar resuelto el asunto planteado y no ha lugar en cuanto a la solicitud de reconsideración. La Sra. Rosario Delgado, en desacuerdo con el dictamen, radica el **18 de noviembre de 2025**,

---

[21] Resulta evidente que la solicitud de reconsideración era contra la Sentencia del 10 de septiembre de 2025, ya que la Sentencia *Nun Pro Tunc* en esa fecha no había sido notificada.

el recurso de apelación que nos ocupa. La Sra. Rosario Delgado utilizó la fecha del **27 de octubre de 2025** como punto de partida para computar el término de treinta (30) días para recurrir en apelación ante nosotros.

Sin embargo, en el presente caso, el TPI notificó la sentencia apelada el **15 de septiembre de 2025**. Por consiguiente, el término jurisdiccional de quince (15) días, contados a partir de la notificación de la sentencia, para solicitar al TPI la reconsideración de dicha determinación vencía el 30 de septiembre de 2025. Recordemos que el objetivo que perseguía la Sra. Rosario Delgado en su solicitud era que el foro primario reconsiderada la cuantía que se le había concedido en la Sentencia del 10 de septiembre de 2025. Sin embargo, esta solicitud de reconsideración se presentó por primera vez el **13 de octubre de 2025**, pasado el referido plazo improrrogable de quince (15) días.

En virtud de lo anterior, concluimos que dicha moción de reconsideración resultó tardía y no tuvo el efecto de interrumpir el término jurisdiccional de treinta (30) días para apelar ante este foro apelativo.

Así también, debido a que la presentación de la moción de reconsideración resultó tardía, la actuación del TPI sobre dicha moción – mediante Resolución emitida el 20 de octubre de 2025 y notificada el 27 de octubre de 2025 - resultó inoficiosa para computar el mencionado término jurisdiccional de treinta (30) días para apelar.

Por otro lado, no hay controversia que la Sra. Rosario Delgado se benefició de la interrupción en los términos para apelar que provocó la solicitud de reconsideración del Sr. Vega Dueñas. No obstante, la fecha de partida para computar los treinta (30) días jurisdiccionales para apelar era a partir del 14 de octubre de 2025,

fecha en la que fue notificada le Sentencia *Nun Pro Tunc* y el *no ha lugar* a la reconsideración del Sr. Vega Dueñas.

Finalmente, y bajo un análisis alternativo, la moción de reconsideración de la Sra. Rosario Delgado tampoco puede considerarse como una solicitud de relevo, pues ésta no cumple con los requisitos dispuestos en la Regla 49.2 de Procedimiento Civil, *supra.*

En resumen, resulta forzoso concluir que la Sra. Rosario Delgado no presentó oportunamente su petición de reconsideración. Por otra parte, ésta tampoco presentó oportunamente su recurso de apelación. Es decir, al 13 de octubre de 2025 -radicación de la reconsideración ante el TPI- y al 18 de noviembre de 2025 -radicación de la Apelación ante el Tribunal de Apelaciones-, todos los plazos jurisdiccionales correspondientes ya habían expirado. Por tal razón, nos encontramos privados de jurisdicción para examinar los méritos de su reclamación. Consecuentemente, estamos obligados a desestimar el recurso.

### III.

A la luz de lo antes expuesto, desestimamos el recurso presentado por tardío.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones